UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | |
|---|---|
| MICHAEL KENT, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| HILL-ROM HOLDINGS, INC, WILLIAM G. DEMPSEY, JOHN P. GROETELARRS, GARY L. ELLIS, STACY ENXING SENG, MARY GARRETT, JAMES R. GIERTZ, WILLIAM H. KUCHEMAN, GREGORY J. MOORE, FELICIA F. NORWOOD, and NANCY M. SCHLICHTING, | JURY TRIAL DEMANDED |
| Defendants. | |

------------------------------------------------------------

Plaintiff Michael Kent ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE AND SUMMARY OF THE ACTION**

1.      Plaintiff brings this action against Hill-Rom Holdings, Inc. ("Hillrom" or the "Company") and the members of Hillrom's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of their attempt to sell the Company to Baxter International Inc. ("Baxter") through Baxter's subsidiary Bel Air Subsidiary, Inc. (the "Proposed Transaction").

2.      On September 2, 2021, Hillrom announced that it had entered into an Agreement and Plan of Merger (the "Merger Agreement") pursuant to which, each Hillrom shareholder will receive $156.00 in cash for each share of Hillrom common stock they own.

3.      On October 20, 2021, Hillrom filed a Schedule 14A Definitive Proxy Statement (the "Proxy") with the SEC, which omits or misrepresents material information concerning, among other things: (i) Hillrom's projections and the financial analyses that support the fairness opinions provided by the Company's financial advisors, Goldman Sachs & Co. LLC ("Goldman") and BofA Securities, Inc. ("BofA"); and (ii) the background of the Proposed Transaction.  The failure to adequately disclose such material information renders the Proxy false and misleading.

4.      The stockholder vote to approve the Proposed Transaction is forthcoming.  Under the Merger Agreement, following a successful stockholder vote, the Proposed Transaction will be consummated.  For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin defendants from conducting the stockholder vote on the Proposed Transaction unless and until the material information discussed below is disclosed to the holders of the Company's common stock, or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an

individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  Moreover, Hillrom's common stock trades on the New York Stock Exchange, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

8.     Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Hillrom.

9.     Defendant Hillrom is an Indiana corporation, with its principal executive offices located at 130 East Randolph Street, Suite 1000, Chicago, Illinois, 60601.  Hillrom's common stock trades on the New York Stock Exchange under the ticker symbol "HRC."

10.     Defendant William G. Dempsey is Chair of the Board and has served as a director of the Company since 2014.

11.     Defendant John P. Groetelaars has served as President, Chief Executive Officer ("CEO"), and a director of the Company since May 2018.

12.     Defendant Gary L. Ellis has served as a director of the Company since 2017.

13.     Defendant Stacy Enxing Seng has served as a director of the Company since 2015.

14.     Defendant Mary Garrett has served as a director of the Company since 2017.

15.     Defendant James R. Giertz has served as a director of the Company since 2009.

16.     Defendant William H. Kucheman has served as a director of the Company since 2013.

17.     Defendant Gregory J. Moore has served as a director of the Company since 2019.

18.     Defendant Felicia F. Norwood has served as a director of the Company since 2020.

19.     Defendant Nancy M. Schlichting has served as a director of the Company since 2017.

20.     Defendants identified in paragraphs 10-19 are referred to herein as the "Board" or the "Individual Defendants."

21.     Relevant non-party Baxter is a Delaware corporation with its principal executive offices located at One Baxter Parkway, Deerfield, Illinois 60015.  Baxter is a leading global medical products company.  Baxter's common stock trades on the New York Stock Exchange under the ticker symbol "BAX."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company and the Proposed Transaction**

22.     Hillrom is a global medical technology leader whose mission is to enhance outcomes for patients and their caregivers by Advancing Connected Care.  Hillrom's products and services help enable earlier diagnosis and treatment, optimize surgical efficiency and accelerate patient recovery while simplifying clinical communication and shifting care closer to home. Hillrom make these outcomes possible through digital and connected care solutions and collaboration tools, including smart bed systems, patient monitoring and diagnostic technologies, respiratory health devices, advanced equipment for the surgical space and more, delivering actionable, real-time insights at the point of care.

23.     On July 30, 2021, the Company announced its financial results for the third quarter of 2021.  Hillrom reported GAAP earnings of $0.74 per diluted share compared to $1.40 per diluted share in the third quarter of 2020.  On an adjusted basis, excluding special items, the Company

reported earnings of $1.38 per diluted share exceeding the Company's previously issued guidance range of $1.32 to $1.36 per diluted share.

24.    On September 2, 2021, Hillrom and Baxter issued a joint press release announcing the Proposed Transaction, which states, in relevant part:

> DEERFIELD, ILL., and CHICAGO, Sept. 2, 2021 – Baxter International Inc. (NYSE: BAX), a leading global medical products company, and Hillrom (NYSE: HRC), a global medical technology leader, today announced that the companies have entered into a definitive agreement under which Baxter has agreed to acquire Hillrom for $156.00 per share in cash for a total equity value of approximately $10.5 billion and a total enterprise value of approximately $12.4 billion, including the assumption of debt.
>
> Hillrom brings a highly complementary product portfolio and innovation pipeline that will enable Baxter to provide a broader array of medical products and services to patients and clinicians across the care continuum and around the world, facilitating the delivery of healthcare that is patient- and customer-centered and focused on improving clinical outcomes. The combination is also expected to accelerate the companies' expansion into digital and connected care solutions that are increasingly enabling patients with access to hospital-level care at home or in other care settings.
>
> "Baxter and Hillrom share a common vision for transforming healthcare to better serve all patients and providers," said José (Joe) E. Almeida, Baxter's chairman, president and chief executive officer. "Patients increasingly want to receive their care at home or nearby, while hospitals and other care providers are increasingly using digital health technologies to expand access, improve quality and lower costs. Baxter and Hillrom are uniting to meet the challenges of a rapidly evolving global healthcare landscape, while also creating significant value for all the stakeholders we serve. We're very excited to welcome the Hillrom team to Baxter, and to join together to advance our mission to save and sustain lives."
>
> John Groetelaars, Hillrom's president and chief executive officer, said, "We are proud of the steps we have taken to transform Hillrom into a medical technology leader with an innovative portfolio of connected care solutions. Today's milestone announcement represents a win-win for all stakeholders. Patients and caregivers will benefit from enhanced capabilities across the continuum of care, our shareholders will receive a significant and immediate premium for their investment, and our employees will benefit from being part of a larger, stronger company with accelerated growth opportunities. Baxter is the ideal partner to enhance our global reach and realize the true potential of our vision to accelerate medical innovation around the world. With our shared patient-centric cultures, we look forward to seamlessly bringing our two companies together."

**Strategic Rationale**

The Baxter-Hillrom combination will expand access to Hillrom's portfolio globally; broaden the presence of the combined companies across sites of care; accelerate and strengthen the combined organization's digital transformation; and is expected to generate compelling financial returns for Baxter's shareholders.

Key benefits of the acquisition include:

- A common vision for transforming healthcare to improve efficiencies and clinical outcomes, drive actionable insights and lead across the care continuum: The complementary product offering of the combined companies will support the patient in the hospital, at home, and in alternate sites of care, allowing better integration and coordination of healthcare delivery.
- A strengthened portfolio with opportunity to accelerate digitally-enabled connected healthcare and expand penetration of combined solutions worldwide: The companies' combined capabilities in therapeutic delivery, monitoring, blood purification, diagnostics and communications for patients and caregivers will enhance opportunities for truly connected care that result in better patient outcomes, improved workflow efficiencies and data-driven insights while lowering healthcare costs overall.
- A robust combined platform for shareholder value creation through meaningful anticipated synergies with a continued commitment to strong cash flow generation: The transaction provides a significant opportunity to build upon Baxter's established global infrastructure to grow Hillrom's international business, which currently represents approximately one-third of Hillrom's total 2020 revenue. It should also meaningfully enhance Baxter's earnings growth through the realization of substantial cost synergies and potential opportunities to accelerate revenue growth over the longer term.
- A shared culture that values inclusivity, innovation and corporate responsibility: The combination unites two organizations that have each been recognized for achievements in workplace diversity and corporate responsibility, and for fostering an environment that supports and encourages high performance, respect for individuals, and professional growth.

**Transaction Highlights**

Upon completion of the transaction, Baxter will pay $156.00 in cash for each outstanding share of Hillrom common stock for a purchase price of $10.5 billion. Baxter will also assume Hillrom's outstanding debt and cash, for a total enterprise value of $12.4 billion. The purchase price represents a 26% premium to Hillrom's

closing stock price on July 27, 2021, the last trading day prior to media reports speculating about a potential transaction.

Baxter expects the combination to result in approximately $250 million of annual pre-tax cost synergies by the end of year three. This estimate excludes any benefit from potential new revenue growth opportunities resulting from the combination of the two organizations.

The transaction is expected to be low double-digit accretive to Baxter's adjusted earnings per share (EPS) in the first full year post close, increasing to more than 20% by year three. The transaction is also expected to expand Baxter's overall adjusted EBITDA margins over the medium-term and deliver strong cash flow generation with a high single-digit return on invested capital (ROIC) expected by year five.

Baxter will finance the transaction through a combination of cash and fully committed debt financing. At closing, Baxter estimates that it will have net leverage of approximately 4.2x net debt to pro forma1 adjusted EBITDA of the combined companies (as estimated by Baxter management). Baxter is committed to an investment grade credit rating and deleveraging to 2.75x net leverage within two years of closing.

**Approvals and Timing**

The Boards of Directors of both companies have unanimously approved the acquisition. The transaction is subject to the approval of Hillrom shareholders and the satisfaction of customary closing conditions, including regulatory approvals. The transaction is expected to close by early 2022.

**Baxter Long-term Financial Guidance and 2021 Investor Conference Update**

As a result of the proposed acquisition, Baxter's 2021 Investor Conference, originally scheduled for Sept. 20, will be rescheduled to a date following the transaction's completion. This will allow Baxter to provide an updated strategic and financial outlook inclusive of the combined organizations.

In the interim, Baxter is issuing long-term financial guidance as a standalone entity. Baxter expects sales to grow 4-5%, compounded annually from 2021 to 2024 based on current foreign exchange rates. Over this period, Baxter anticipates expanding its adjusted operating margin by 300 basis points or more. On an adjusted basis, Baxter expects to deliver earnings growth of low double digits compounded annually over the same period. This Baxter standalone guidance does not reflect any impact from the proposed acquisition.

**Advisors**

Perella Weinberg Partners LP is acting as lead financial advisor to Baxter. J.P. Morgan and Citi are also serving as financial advisors to Baxter and have committed to provide fully committed financing. Sullivan & Cromwell LLP is serving as legal advisor to Baxter. Goldman, Sachs & Co. LLC is serving as lead financial advisor and BofA Securities is serving as financial advisor to Hillrom. Wachtell, Lipton, Rosen & Katz is serving as legal advisor to Hillrom.

**The Proxy Misleads Hillrom Stockholders by Omitting Material Information**

25.     On October 20, 2021, Hillrom filed the materially misleading and incomplete Proxy with the SEC.  Designed to convince Hillrom's stockholders to vote in favor of the Proposed Transaction, the Proxy is rendered misleading by the omission of critical information concerning: (i) Hillrom's projections and the financial valuation analyses performed by the Company's financial advisors Goldman and BofA; and (ii) the background of the Proposed Transaction.

***Material Omissions Concerning Hillrom's Projections and Goldman's and BofA's Financial Analyses***

26.     The Proxy omits material information concerning Hillrom's financial projections.

27.     Specifically, the Proxy fails to disclose the line items underlying the Company's (i) Adjusted EBITDA; (ii) Adjusted Operating Income; and (iii) Unlevered Free Cash Flow.

28.     The Proxy also fails to disclose material information concerning Goldman's and BofA's financial analyses.

29.     The Proxy describes Goldman's and BofA's fairness opinions and the various valuation analyses performed in support of their opinions.  However, the description of Goldman's and BofA's fairness opinions and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Hillrom's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Goldman's and BofA's fairness opinions in determining whether to vote in favor of the Proposed Transaction.

30.     With respect to Goldman's *Discounted Cash Flow Analysis*, the Proxy fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates ranging from 7.5% to 8.5%; (iii) Hillrom's net debt as of June 30, 2021, pro forma for the acquisition of BardyDx; and (iv) the number of fully diluted outstanding shares of Hillrom common stock.

31.     With respect to Goldman's *Illustrative Present Value of Future Share Price Analysis*, the Proxy fails to disclose: (i) Goldman's basis for applying enterprise value to NTM Adjusted EBITDA multiples of 13.0x to 15.0x Adjusted EBITDA per share of Hillrom common stock as of the end of each fiscal year from 2021 to 2023; and (ii) the individual inputs and assumptions underlying the discount rate of 7.9%.

32.     With respect to Goldman's *Premia Analysis*, the Proxy fails to disclose: (i) the premiums paid in each of the transactions observed; and (ii) identification of each of the transactions.

33.     With respect to BofA's *Selected Publicly Traded Companies Analysis*, the Proxy fails to disclose: (i) the enterprise values for each of the selected companies and for Hillrom; (ii) the closing share price of each company on August 30, 2021; (iii) the number of fully diluted shares outstanding for each company; and (iv) each of the selected companies' net debt or net cash.

34.     With respect to BofA's *Selected Precedent Transactions Analysis*, the Proxy fails to disclose the individual multiples and financial metrics for each of the transactions analyzed.

35.     With respect to BofA's *Discounted Cash Flow Analysis*, the Proxy fails to disclose: (i) the terminal values for the Company; (ii) the individual inputs and assumptions underlying the discount rates ranging from 7.0% to 9.0%; (iii) Hillrom's net debt as of June 30, 2021; and (iv) the number of fully diluted outstanding shares of Hillrom common stock.

36.     The omission of this information renders certain portions of the Proxy materially misleading, including, inter alia, the following sections of the Proxy: "Certain Unaudited Financial Projections," "Opinion of Goldman Sachs & Co. LLC" and "Opinion of BofA Securities, Inc."

***Material Omissions Concerning the Background of the Proposed Transaction***

37.     The Proxy omits material information about the background of the Proposed Transaction.

38.     Specifically, the Proxy fails to disclose: (i) when defendants determined to retain BofA as an additional financial advisor; (ii) defendants' reasons for doing so; and (iii) when BofA disclosed to the Board any potential conflicts of interest vis-a-vis Baxter.

39.     The omission of this information renders certain portions of the Proxy materially misleading, including, inter alia, the following section of the Proxy: "Background of the Merger."

40.     Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

41.     Plaintiff repeats all previous allegations as if set forth in full.

42.     During the relevant period, defendants disseminated the false and misleading Proxy specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

43.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy.  The Proxy was prepared,

reviewed, and/or disseminated by the defendants.  It misrepresented and/or omitted material facts, including material information about Hillrom's financial projections, Goldman's and BofA's financial analyses and the background of the Proposed Transaction.  The defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

44.     The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

45.     By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

46.     Because of the false and misleading statements in the Proxy, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations
### of Section 20(a) of the Exchange Act

47.     Plaintiff repeats all previous allegations as if set forth in full.

48.     The Individual Defendants acted as controlling persons of Hillrom within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Hillrom, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

49.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

50.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy.

51.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

52.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

53.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Hillrom stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Hillrom, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

E.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 15, 2021                                    **WEISSLAW LLP**

                                    By   */s/ Richard A. Acocelli*
                                    Richard A. Acocelli
                                    305 Broadway, 7th Floor
                                    New York, New York 10007
                                    Tel: (212) 682-3025
                                    Fax: (212) 682-3010
                                    Email: racocelli@weisslawllp.com

                                    *Attorneys for Plaintiff*

**OF COUNSEL:**

**BRAGAR EAGEL & SQUIRE, P.C.**
Alexandra B. Raymond
810 Seventh Avenue, Suite 620
New York, NY 10019
Tel: (646) 860-9158
Fax: (212) 214-0506
Email: raymond@bespc.com

*Attorneys for Plaintiff*